Requestor: Hon. Vincent Tese, Commissioner New York State Department of Economic Development One Commerce Plaza Albany, N Y 12245
Written by: Robert Abrams, Attorney General
Your counsel has requested an opinion construing the provisions of the New York State Tourist Promotion Act. Economic Development Law, Article 5-A.
The Act establishes a program authorizing matching funds and assistance to tourist promotion agencies for the planning and promotion of programs designed to stimulate and increase tourism and related activities within the State of New York. Id., § 160. As part of this program, the Department is authorized to consider applications for matching funds for advertising programs by tourist promotion agencies. Id., § 161(c). The tourist promotion agency is required to set forth in the application the schedule, budget, scope and term of the proposed advertising program. Id., § 164(a). Further, the application must state "under oath or affirmation, with evidence thereof satisfactory to the department, the amount of funds held by, or committed or subscribed to, the tourist promotion agency" for purposes of the advertising program. The statute provides for applicants to allocate local funds and request matching funds in amounts within a specified range. Id., § 164(b), (c). If the application for matching funds is approved by the Department, the State is to make a payment of matching funds "equal to funds allocated by such [tourist promotion] agency to the program described in its application". Id., § 164(b). You have indicated, however, that the Legislature annually appropriates less than is required to fully match local funds committed in all applications. The statute recognizes this possibility in stating that "[i]f the matching funds requested in the applications exceed the appropriation, the commissioner shall allocate available funds on a prorated basis". Id., § 164(g).
A tourist promotion agency (Finger Lakes Association, Inc.), representing 14 counties, claims that the program is being administered by the Department so as to allow applicants in their applications to inflate the local share, realizing that the annual appropriation for the entire program by the Legislature will require a prorated reduction of the grant to each applicant and a similar reduction of the local match. The tourist promotion agency further claims that the prorated reduction for each fiscal year can be inferred by applicants at the time of their applications from budgetary information available to them.[1] The tourist promotion agency believes that the statute requires stronger proof of commitment of funds than is required by the Department at the time of the application and that the amount of funds committed in the application must actually be spent by the applicant regardless of any proration of funding by the State resulting from inadequate appropriations.
Thus, your counsel requests our opinion as to what evidentiary standard a tourist promotion agency must meet during the application process to demonstrate that local funds have actually been committed to its proposed program.
As noted earlier, the statute requires that the application state under oath or affirmation "with evidence thereof satisfactory to the department" the amount of local funds held by, committed or subscribed to the tourist promotion agency. Id., § 164. Your counsel has indicated that the Department has implemented this provision by requiring that applications contain copies of contracts, resolutions, letters of commitment or other proof of matching funds equal to or more than the amount applied for. Statements of intent to commit these funds are required by the Department. Counsel informs us that if the applicant fails to submit satisfactory evidence of commitment in the full amount of the local share, the application amount is reduced by the amount of the shortfall.
The Legislature has granted to the Department discretion to determine the type of proof required to evidence the commitment of local funds. The statute makes this clear in providing for the application to state the amount of local funds committed to the program "under oath or affirmation, with evidence thereof satisfactory to the department". Id.,
§ 164(a).
In our view, the Department may implement this broad grant of discretion by requiring under oath or affirmation that the applicant state the amount of committed funds through an unequivocal statement along with proof such as contracts, resolutions or letters of commitment. The statute requires proof that the tourist promotion agency has encumbered the local funds committed only upon approval of the application and as a condition of payment of State matching funds. Id., § 165(a).
Second, your counsel has indicated that the Department has interpreted the Act so that if State program funds are prorated because of inadequate State budgetary appropriations, a tourist promotion agency is required only to match the amount of funds actually awarded by the State, not the amount of committed funds cited by the agency in its application. The Department reasons that this policy is consistent with the intention of the legislation to provide for a matching funds program and also believes that requiring the expenditure of committed funds in excess of the State award would unfairly and unnecessarily burden grant recipients.
The statute is silent concerning the amount of funds that must be expended by an applicant in the event the Legislature's appropriation is not adequate and therefore requiring a proration to each applicant. We believe that the Department's interpretation of legislative intent to permit a similar reduction of local funds expended is permissible. This policy is consistent with the clear legislative intent to establish a matching funds program to provide assistance to tourist promotion agencies. Id., § 160.
We have noted the claim of the Finger Lakes Association, Inc. that the perennial underfunding of the program by the State Legislature has led to inflation of local funds committed by applicants. This opinion finds that the statutory grant of power is broad, giving discretion to the Department in administering the tourism program. Your counsel's office has informed us that the Department will soon be developing regulations to replace the existing guidelines. Presumably, the Department will evaluate how the tourism program has operated under the guidelines. Concerns of tourist promotion agencies, such as Finger Lakes, can be evaluated and, in the agency's discretion, addressed in the regulations to be promulgated.
Counsel's third question has been withdrawn.
[1] The Department determines the date by which applications must be submitted. Economic Development Law § 164(a).